IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SHIRLEY J. BELL,                          )
                                          )
      Plaintiff,                    )      Case No. 5:10-cv-0101 BSM
                                          )
v.                                        )      Judge Brian S. Miller
                                          )
PFIZER, INC. et al.                       )
                                          )
      Defendants.                   )
                                          )

## AGREED PROTECTIVE ORDER

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances.

Therefore, the Court finds good cause for the entry of this Agreed Protective Order under Federal Rule of Civil Procedure 26(c) and hereby ORDERS that all documents and other information produced in this case by the parties shall be produced subject to the following:

1.    SCOPE

A.    At any time prior to the production of any documents or information by the producing party, it may designate such information or documents as confidential and subject to this Agreed Protective Order.  The producing party shall further designate material as confidential and subject to this Agreed Protective Order by placing the following or substantially similar marking on each copy of each document copied for, by, or on behalf of plaintiff or co-defendants in this action in a manner which will not interfere with its legibility: "CONFIDENTIAL -- SUBJECT TO AGREED PROTECTIVE ORDER."  Documents or information so designated shall be referred to herein as "Confidential Discovery Material."

        B.      This Agreed Protective Order shall apply to and govern all documents and information designated by the producing party as confidential whether or not such documents or information are informally produced or produced in response to formal discovery requests. The producing party may designate those specific answers to interrogatories, responses to other discovery requests, and excerpts of deposition testimony as confidential and protected by this Agreed Protective Order. With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony and transcript thereof shall be subject to the full protection of this Agreed Protective Order. Within thirty (30) days after the completion of the deposition, counsel for the party asserting confidentiality shall clarify all portions to which it claims confidentiality. In the case of testimony not so designated during the course of a deposition, counsel for the producing party may, at any time within thirty (30) days of the completion of the deposition, notify the parties that the deposition testimony contains confidential material, in which case the testimony and transcript thereof shall be subject to the full protection of this Agreed Protective Order. During the thirty (30) day period, the testimony will be treated as though it had been designated as confidential pursuant to the terms of this Agreed Protective Order. "Confidential Discovery Material" includes deposition testimony designated as confidential.

        C.      Any Confidential Discovery Material that is filed with the Court, and any pleading, motion, or other paper filed with the Court that reveals the content of any such Confidential Discovery Material, shall be filed under seal and shall bear the legend:

THIS DOCUMENT CONTAINS CONFIDENTIAL
INFORMATION COVERED BY AN AGREED
PROTECTIVE ORDER OF THE COURT AND IS
SUBMITTED UNDER SEAL PURSUANT TO THAT
AGREED     PROTECTIVE     ORDER.     THE
CONFIDENTIAL CONTENTS OF THIS DOCUMENT
MAY NOT BE DISCLOSED WITHOUT EXPRESS
ORDER OF THE COURT.

This Agreed Protective Order allows parties to file Confidential Discovery Materials under seal

without a motion to file the documents under seal.  Such Confidential Discovery Material and/or

other papers shall be kept under seal until further order of the Court; however, Confidential

Discovery Material and other papers filed under seal shall be available to the Court and counsel

of record, and to all other persons entitled to receive the confidential information contained

therein under the terms of this Agreed Protective Order.   The party wishing to use the

Confidential Discovery Material also agrees to submit such information sealed for the Court's in-

camera inspection only.

      D.     Use of Confidential Discovery Material subject to this Agreed Protective

Order at trial will be determined by subsequent agreement of the parties or order of this Court.

      E.     Confidential documents or information produced by PLIVA, Inc., in prior

litigation that are already in the possession of plaintiff's counsel can be used pursuant to the

terms of this Agreed Protective Order.  All documents or information so produced shall remain

subject in all respects to all protections provided by this Agreed Protective Order even though

they have not been designated with the specific markings described in paragraph 1.A.

Documents or information stamped as or otherwise marked as "confidential" in prior litigation

shall suffice.  Their contents or existence shall not be disclosed by plaintiff or co-defendant(s)

except as provided in this Agreed Protective Order.  The foregoing provision does not apply to

documents no longer considered confidential.

2.      TERMS OF PROHIBITION

A.      The documents and information provided by the producing party and designated as confidential shall be revealed only to, (1) counsel of record for the parties in this action; (2) paralegals or secretarial employees under the direct supervision or employ of counsel of record in this action; (3) retained experts of the parties, provided, however, that no confidential information shall be disseminated to any expert who is employed or affiliated with a direct business competitor (i.e., in the business of pharmaceutical manufacturing or distribution) of any defendant or its affiliates; (4) outside copy and document processing entity or person retained by any party in connection with the litigation; and (5) attorneys involved in a pending Reglan/metoclopramide case against the producing party who agree to be bound by the terms of this Agreed Protective Order.  The parties agree that the documents designated as confidential may be revealed to additional persons, including parties and/or in-house counsel, by agreement, which shall not be unreasonably withheld.

B.      With the exception of counsel as defined in paragraph 2.A(5), each person who reviews or inspects confidential documents or information subject to this Agreed Protective Order shall be brought within the personal jurisdiction of this court, including its contempt power, by signing a copy of the Witness Endorsement of Agreed Protective Order form attached as Exhibit A.  Such execution shall signify agreement to the provisions of this Agreed Protective Order and consent to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of said protected documents or information.   Each person's signature shall be notarized by an officer authorized to administer oaths.

C.      With the exception of counsel as defined by paragraph 2.A(5), no person entitled to access to protected documents or information under this Agreed Protective Order shall

4

be provided with the protected documents or information unless such individual has first read the Agreed Protective Order of this Court and completed and signed the affidavit provided. No person entitled to access protected documents or information shall disclose or discuss the existence or contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials protected herein. The information protected by this Agreed Protective Order shall be used for the sole purpose of the preparation for this case, and shall not be used for any other purpose or for any other legal action except as provided by this Agreed Protective Order.

        D.     Each party's counsel shall maintain a list of the names of all persons who inspect or review confidential documents obtained from another party prior to trial of this matter or who receive any copies of such confidential documents. Each party will produce a copy of the executed Exhibit A for each of its testifying experts to whom confidential documents were provided upon request, but no earlier than the time of the party's expert designation. For purely consulting experts, the party retaining the expert shall furnish copies of the executed Exhibit A for each consulting expert where good cause is shown. This provision in no way alters or expands the terms of paragraph 2.A of this Agreed Protective Order identifying the persons to whom confidential material may be revealed.

        3.     RETURN OF DOCUMENTS AND INFORMATION. Copies of documents and information produced by a defendant may remain in the possession of the undersigned plaintiffs' attorneys and other counsel as defined in paragraph 2.A(5) but shall be governed by the terms and conditions of this Agreed Protective Order. The documents and information produced by a defendant may be used by the undersigned plaintiffs' attorneys and other counsel as defined in paragraph 2.A(5). The documents and information produced by a defendant may not be used for

any other purpose nor disclosed to any other person except as provided by this Order without the express written consent of the producing defendant upon written application or request to the producing defendant.   Within thirty (30) days after the conclusion of the last Reglan/metoclopramide cases filed by the undersigned plaintiffs' attorneys against the producing defendant, the undersigned plaintiffs' attorneys shall either return all the documents and information to the producing defendant at a location selected by the producing defendant and at the undersigned plaintiffs' attorneys' expense, or produce an affidavit executed by the undersigned plaintiffs' attorneys indicating that all of the documents from the producing defendant have been destroyed or will be destroyed within a reasonable time.   This Agreed Protective Order remains in full force and effect and governs the use of the documents and information.

4.    APPLICATION TO THE COURT.  Nothing herein shall be construed to preclude or limit any party from opposing any discovery on any ground which would otherwise be available.  Nothing in this Agreed Protective Order shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information.  Nothing in this Agreed Protective Order shall preclude any party from seeking or obtaining, on the appropriate showing, an order lifting the protection granted in this Agreed Protective Order with respect to the confidentiality of documents or information.

5.    ADMISSION INTO EVIDENCE.  The terms of this Agreed Protective Order shall not be construed as any limitation upon the right of any party to offer into evidence any documents, response, or information designated as confidential.

6

6.      VIOLATION OF AGREED PROTECTIVE ORDER. A violation by any person of any provision of this Agreed Protective Order may be punishable as determined by the Court. Further, the parties may pursue any and all civil remedies available for breach of the terms of this Agreed Protective Order.

7.      JURISDICTION OF COURT. This Court retains jurisdiction over the parties, counsel for the parties, and all persons, firms, corporations, or organizations, whomsoever, to whom this Agreed Protective Order applies, for purposes of enforcement of this Agreed Protective Order following the conclusion of this action.

8.      CHALLENGE TO CONFIDENTIALITY DESIGNATION.

A.      If a party elects to challenge any designation of confidentiality of any documents or information pursuant to this Agreed Protective Order, that party shall provide the designating party thirty (30) days advance written notice and afford the producing party opportunity to voluntarily remove such designation. The producing party shall, within thirty (30) days of the receipt of such notice, either voluntarily remove the designation or file a written motion with the Court for an order preventing or limiting disclosure. Each such motion shall be accompanied by one copy of each document, response, or portion or transcript challenged, following the provision set forth above in paragraph 1.C of this Agreed Protective Order, and the confidentiality of such information shall remain protected until the Court shall order otherwise. In the event the producing party files a motion seeking protection of challenged documents or information, the party opposing the motion shall respond to the motion and the producing party shall have the opportunity to reply.

The interested parties shall attempt to resolve any such challenge by agreement prior to the time for filing of a motion as herein provided. If the challenge is not resolved by

agreement, or by voluntary removal, and if no motion is filed within thirty (30) days of the receipt of written notice of challenge, then the confidential designation shall be removed and shall not thereafter apply to such documents or information.

        B.     All documents, testimony, or other materials designated by the producing party as confidential shall retain their confidential status during the pendency of any proceeding challenging confidentiality initiated by a party until such time as the parties' contentions are fully and finally adjudicated, including such appeals as may be sought.

        C.     Neither this Agreed Protective Order nor the designation of any item as confidential materials shall be construed as an admission that such material or any testimony in respect to such material in a deposition or otherwise would be admissible in evidence in this litigation or in any other proceeding.  In addition, this Agreed Protective Order does not, of itself, require the production of any information or document.

        9.     <u>THIRD PARTY REQUEST FOR CONFIDENTIAL DISCOVERY MATERIAL.</u> If confidential documents or information in the possession of a receiving party is subpoenaed or requested by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena or request such data or information, the party to whom the subpoena or request is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without waiting ten (10) business days after first notifying counsel for the producing party in writing of:   (1) the information and documentation which is requested for production in the subpoena or request; (2) the date on which compliance with the subpoena or request is sought; (3) the location at which compliance with the subpoena or request is sought; (4) the identity of the party serving the subpoena or making the request; and (5) the case name, jurisdiction, and index, docket, complaint, charge,

civil action, or other identification number or designation identifying the litigation, administrative proceeding, or other proceeding in which the subpoena or request has been issued.

10.   INADVERTENT OR UNINTENTIONAL DISCLOSURE.   Any inadvertent or unintentional disclosure of confidential and proprietary material will not be construed as a waiver, in whole or in part, of (1) the producing party's claims of confidentiality either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior to or after that date, or (2) the producing party's right to designate said material as confidential material pursuant to this Agreed Protective Order.   This Agreed Protective Order does not in any way deprive a party of its right to contest the producing party's claims to protection for confidential, proprietary, and trade secret information.   Nor does this Agreed Protective Order in any way deprive the producing party of its right to claim that such information should be protected from disclosure.   Production of documents or information pursuant to this Agreed Protective Order shall not be construed as a waiver of any sort by the parties.

11.   DISCLOSURE OF MEDICAL RECORDS.   Pursuant to authorizations from Plaintiff(s) or duly executed subpoenas, Defendants are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure, to obtain from health care providers covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996), and to inspect and copy, any and all information relating to the discoverable past, present, or future medical condition of and provision of health care to plaintiff ("Protected Health Information").   Nothing herein shall be construed as eliminating the right of Plaintiff(s) to object to and/or move to quash duly executed subpoenas issued by Defendants.   Defendants are expressly prohibited from using or disclosing

the Protected Health Information obtained pursuant to this Agreed Protective Order for any purpose other than this action. The disclosure of the Protected Health Information is limited to the people identified in paragraph 2A above. Further, defendants any other recipients of the Protected Health Information agree to destroy the information (including all copies made), immediately upon conclusion of the action. The Protected Health Information is not subject to the designation and disclosure provisions of paragraph 1A-E above.

12.    Nothing herein shall be construed or applied to affect the rights of any party to discovery under the Federal Rules of Civil Procedure, or to assert any objection, or to prohibit any party from seeking such further provisions or relief as it deems necessary or desirable regarding this Agreed Protective Order, including, but not limited to an order that discovery not be had. Moreover, nothing herein shall be construed to contravene the Federal Rules of Civil Procedure or the case law interpreting those rules.

SIGNED AND ORDERED ENTERED ON THE 15th OF April , 2011.

UNITED STATES DISTRICT JUDGE

APPROVED:


_____/s/ Javier Gonzalez_____          _____/s/ Thomas G. McIntosh_____
William Burton Curtis                       Linda E. Maichl
Javier Gonzalez                             Matthew V. Brammer
Curtis Law Group                            Thomas G. McIntosh
3100 Monticello, Suite 300                  ULMER|BERNE|LLP
Dallas, TX  75205                           600 Vine Street, Suite 2800
                                            Cincinnati, Ohio  45202-2409

Daniel J. McGlynn
Terrence J. Donahue, Jr., Esq.              Steve Quattlebaum
McGlynn, Glisson & Mouton                   E. B. (Chip) Chiles IV
340 Florida Street                          R. Ryan Younger
Baton Rouge, LA 70801                       Quattlebaum, Grooms, Tull & Burrow
                                            PLLC
George Wise, Jr.                            111 Center Street, Suite 1900
THE BRAD HENDRICKS LAW FIRM                 Little Rock, Arkansas  72201
500 C Pleasant Valley Drive
Little Rock, AR  72227                       *Attorneys for Defendant PLIVA, Inc.*

*Attorneys for Plaintiff Shirley Bell*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| SHIRLEY J. BELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 5:10-cv-0101 BSM |
| | ) | |
| v. | ) | Judge Brian S. Miller |
| | ) | |
| PFIZER, INC. et al. | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## EXHIBIT A

## WITNESS ENDORSEMENT OF AGREED PROTECTIVE ORDER

I hereby attest to my understanding that information or documents designated confidential are provided to me subject to the Agreed Protective Order dated 15 Apr. 1 2011, in the above-captioned litigation; that I have been given a copy of and have read the Agreed Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Endorsement indicating my agreement to be bound by the Agreed Protective Order is a prerequisite to my review of any information or documents designated as confidential pursuant to the Agreed Protective Order.

I further agree that I shall not disclose to others, except in accord with the Agreed Protective Order, any Confidential Discovery Material, as defined therein, or any information contained in such Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery Material and the information contained therein may be used only for the purposes authorized by the Agreed Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Discovery Material and information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Agreed Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of this Court for the purposes of any proceedings relating to enforcement of the Agreed Protective Order.

I further agree to be bound by and to comply with the terms of the Agreed Protective Order as soon as I sign this Endorsement, whether or not the Agreed Protective Order has yet been entered as an Order of the Court.

By:_____

Printed Name:_____

Subscribed and sworn to before me this

_____ day of _____, 20____


_____
Notary Public